UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case Nos. 08-20487 & 08-20488
KIMANI HARDGE,                      Honorable Patrick J. Duggan

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE A SENTENCE OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)

This matter presently is before the Court on Defendant Kimani Hardge's motion for a reduction of his sentence, filed December 27, 2011. The government filed a response to the motion on February 17, 2012.

On February 5, 2009, Defendant pleaded guilty to (1) conspiracy to distribute crack cocaine and to possess with intent to distribute crack cocaine in Case No. 08-20487, and (2) possession with intent to distribute crack cocaine in Case No. 08-20477. This Court sentenced Defendant to concurrent terms of imprisonment of 180 months based on Defendant's status as a career offender. In his pending motion, Defendant contends that he is entitled to a reduction of his sentence pursuant to recent amendments to the United States Sentencing Guidelines, specifically Amendment 750, part A, which was made retroactive by Amendment 759. Defendant further argues that his sentence should be reduced because the Court no longer is bound by the career offender guidelines.

A district court is authorized to modify a defendant's sentence only in those

instances where Congress by statute has granted it jurisdiction to do so. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir.), *cert. denied*, 130 S. Ct. 318 (2009). In 18 U.S.C. § 3582(c), Congress provided that a court *may not* modify a term of imprisonment once it has been imposed except in the limited circumstances set forth in the statute. *United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010) (citing *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (citing 18 U.S.C. § 3582)). Those limited circumstances are as follows: (1) where the Bureau of Prisons has requested the modification based upon extraordinary and compelling circumstances warranting a reduction or the fact that the defendant is at least seventy years of age, has served at least thirty years in prison and presents no danger to the safety of the community, *see* 18 U.S.C. § 3582(c)(1)(A)(i) and (ii); (2) where modification is permitted under Federal Rule of Criminal Procedure 35, *see* 18 U.S.C. § 3582(c)(1)(B); (3) where the guideline range for the offense of conviction has been retroactively lowered, *see* 18 U.S.C. § 3582(c)(2); or (4) "to the extent otherwise expressly permitted by statute," *see* 18 U.S.C. § 3582(c)(1)(B).

Defendant first relies on a retroactive amendment lowering the guideline range for crack cocaine related convictions. The Court sentenced Defendant, however, pursuant to the career offender guidelines. Therefore, Defendant is ineligible for a reduction of his sentence based on Amendment 750. *See United States v. Perdue*, 572 F.3d 288, 293 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 1537 (2010) (holding that the district court did not err in denying the defendant's motion to reduce his sentence based on an amendment to the

2

crack cocaine guidelines, where the defendant was sentenced as a career offender).

Defendant's remaining argument in support of his request for a reduced sentence is not within the limited circumstances where this Court is authorized to act.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for a reduction of his sentence is **DENIED**.

Date:March 9, 2012              s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copies to:
Kimani Hardge, #42972-039
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA  17887

AUSA Steven P. Cares